## JONATHAN EASTMAN *vs.* JAMES RICE.

Since the *statute* of 1834, *ch.* 137, concerning pounds, &c., no action can be maintained by the owner of a field against the owner of cattle rightfully on an adjoining close, and straying therefrom through an insufficient fence upon such field, unless the fence has been divided, and the owner of the cattle thereby, or in some way legally bound to keep the fence in repair; nor can the cattle be lawfully impounded for that cause.

The person taking and impounding cattle without justifiable cause is liable to an action therefor, although acting as the servant of another, unless the certificate required by the *stat.* of 1834, *ch.* 137, be left with the pound keeper.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

*Replevin* for cattle. The general issue was pleaded, and a brief statement filed, alleging that the defendant took the cattle by command of *D. F. Harding*, doing damage in his field, between which and the plaintiff's pasture there was no legal and sufficient fence, and put them in the pound for that cause. The taking of the cattle on the field of *Harding* was proved, and the impounding by defendant, and that the defendant acted by the order of *Harding*, but no notice was left by the defendant with the pound keeper, that he thus acted, or for what cause they were impounded. The land of the plaintiff and *Harding* adjoined, and the portion belonging to the plaintiff immediately adjoining *Harding* was woodland, and next to the woodland was the plaintiff's pasture; and there was no fence to obstruct the passage of the cattle from the pasture to the field. No division, or assignment of the fence was shown.

The defendant contended: 1. That there being no fence between the closes of the plaintiff and *Harding*, the plaintiff by law was bound to keep his cattle on his own close. 2. That if any action could be maintained, that it should be against *Harding*, and not the defendant. *Smith J.* ruled, that since the *st. of* 1834, *c.* 137, the common law on this subject, as applicable to this case, is not in force in this State, and that the fact, that there was no legal fence, furnished no justification for the impounding. And on the second point, he ruled, that unless the defendant produced evidence, that he left a certificate with the pound keeper, that he impounded the cattle as agent of *Harding*, or that *Harding* impounded them,

that the suit was rightly brought against him. The verdict was for the plaintiff, and the defendant filed exceptions.

*Foote* and *Harding*, for the defendant, were about arguing in favor of the first position taken by them at the Court of Common. Pleas, when they were informed by the Court, that this question had been recently decided against them in the case, *Gooch* v. *Stephenson*, argued on the last circuit in *Washington*. (13 *Maine R.* 371.)

On the second point, they urged, that the owner of the land alone could claim damage for the injury done, and that the suit could not be maintained against the servant of the owner of the land, who directs the act. The *statute of* 1834, *c.* 137, expressly prohibits it.

*J. S. Abbott*, for the plaintiff, said, that the certificate required by the statute had not been left with the pound keeper. The plaintiff, therefore, must necessarily then bring his action against the person taking his cattle and delivering them into the custody of the pound keeper.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — There was evidence to charge the defendant, as the impounder of the cattle. The act was done by him: and there was no written certificate, such as the statute requires, to fix the liability upon any other person.

The defendant has failed to make out any defence, under the statute of 1834; and by that statute, the right to impound at common law, in such a case as this, is expressly taken away.

*Exceptions overruled.*